Juan Bernardo MELO–GIRALDO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73632, A76–704–964.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Esq., Russell J.E. Verby, Esq., Kurt B. Larson, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Juan Bernardo Melo–Giraldo, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's finding that no extraordinary or changed circumstances excused Melo–Giraldo's untimely asylum application. *See* 8 U.S.C. § 1158(a)(3); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). Accordingly, we dismiss the petition for review of his asylum application.

Melo–Giraldo contends that the IJ erred by denying his application for withholding of removal. We conclude that, even assuming Melo–Giraldo's testimony was credible, substantial evidence supports the IJ's conclusion that Melo–Giraldo's encounters with guerillas were not on account of political opinion, affirmative or imputed, or membership in a particular social group. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150–51 (9th Cir.2000); *Sangha v. INS*, 103 F.3d 1482, 1487–91 (9th Cir.1997).

Melo–Giraldo also contends that the BIA erred by failing to explain its reasoning and by deciding to streamline this particular case. These contentions are foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850, 855 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

Melo–Giraldo's motion to file an out-of-time correction to his reply brief is grant-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed. The motion to hold these proceedings in abeyance is denied as moot in light of our decision in *Falcon Carriche*, 350 F.3d 845 (9th Cir.2003).

PETITION FOR REVIEW DISMISSED in part and DENIED in part.